IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD CORDERO,

    Petitioner,                    No. 2:10-cv-1899-GEB-DAD (HC)

    vs.

MICHAEL D. McDONALD,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction on charges of leaving the scene of an accident, driving under the influence causing injury, and reckless driving with great bodily injury. This matter is before the court on respondent's motion to dismiss this action on the grounds that it is barred by the applicable statute of limitations. Petitioner has not opposed the motion.[1]

/////

---

[1] Petitioner's opposition was due on or about October 21, 2010. See Order filed July 23, 2010. By order filed November 3, 2010, petitioner was directed to file an opposition or statement of non-opposition within thirty days. On December 2, 2010, petitioner filed a motion for extension of time to file an opposition. That motion was granted by order filed January 3, 2011, pursuant to which petitioner's opposition was due on or about February 3, 2011. Petitioner has filed nothing in this action since the January 3, 2011 order was issued.

1

Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On February 26, 2007, petitioner was sentenced by the Tehama County Superior Court to twenty three years in state prison following his January 30, 2007 conviction on the charges listed above.

2. On March 13, 2008, the California Court of Appeal for the Third Appellate District deleted a fine that had been imposed as part of petitioner's sentence and otherwise affirmed the judgment on appeal.

3. On May 13, 2008, petitioner filed a petition for writ of habeas corpus in the Tehama County Superior Court. That petition was denied by order filed May 16, 2008.

6. On March 11, 2009[2], petitioner filed another petition for writ of habeas corpus in the Tehama County Superior Court. That petition was denied by order filed April 3, 2009.

7. On June 9, 2009, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. That petition was denied by order filed June 18, 2009.

8. On July 2, 2009, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. That petition was denied on November 19, 2009.

9. On March 27, 2010, petitioner filed another petition for writ of habeas corpus in the California Supreme Court.

10. The instant action was filed on July 12, 2010.

Petitioner's judgment of conviction became final on April 22, 2008, forty days after the California Court of Appeal affirmed petitioner's judgment of conviction on appeal. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008). The one year limitations period for the filing of a federal habeas petition began to run the next day. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitation period ran for twenty days until May 13, 2008, when petitioner filed his first state habeas petition in the Tehama County Superior Court. It was tolled for three days during the pendency of that petition. Thereafter, petitioner did not file another state habeas petition for three hundred days. He is not entitled to statutory tolling for the period between the filing of these two petitions. See Evans v. Chavis, 546 U.S. 189, 198 (2006) (unexplained delay of six months between rounds of habeas filings was too long to permit tolling of the federal limitations period on the ground that state court proceedings were "pending"); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010) (146-day unexplained delay between habeas filings found to be unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner not entitled to statutory tolling during unexplained delays of 115 and 101 days

---

[2] Where a state petition shows the date on which it was signed by petitioner, the court deems that date the filing date of said petition. See Houston v. Lack, 487 U.S. 266 (1988).

between state court petitions).  The limitation period for petitioner's filing of a federal habeas petition was arguably tolled again from March 11, 2009 through November 19, 2009, during the pendency of petitioner's second state habeas petition filed in the Tehama County Superior Court through disposition of the first petition for writ of habeas corpus filed in the California Supreme Court.  Even with this period tolled, the statute of limitations for petitioner's filing of a federal habeas petition expired approximately forty-five days later, on January 3, 2010.  This action was therefore not filed for more than six months after the AEDPA limitation period for doing so had expired.[3]  Accordingly, this action is barred by the statute of limitations and should therefore be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

/////

---

[3] The March 2010 habeas petition filed by petitioner with the California Supreme Court did not revive the expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is barred by the statute of limitations. Accordingly, the district court should not issue a certificate of appealability.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Respondent's September 21, 2010 motion to dismiss be granted;

2. This action be dismissed as barred by the statute of limitations; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
cord1899.mtd