1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD CORDERO,

11              Petitioner,                  No. 2:10-cv-1899-GEB-DAD (HC)

12        vs.

13   MICHAEL D. McDONALD,

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding pro se with an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges a judgment of conviction

18   entered against him in the Tehama County Superior Court in 2007 on charges of leaving the

19   scene of an accident, driving under the influence causing injury, and reckless driving with great

20   bodily injury.  This matter is before the court on respondent's motion to dismiss this federal

21   habeas action on the grounds that it is barred by the applicable statute of limitations.

22              Petitioner did not timely file an opposition to the motion.  On April 4, 2011, this

23   court issued findings and recommendations recommending that the motion be granted.  On May

24   16, 2011, after receiving an extension of time to do so, petitioner filed objections to those

25   findings and recommendations along with a proposed opposition to the motion to dismiss.  By

26   order filed May 26, 2011, the April 4, 2011 findings and recommendations were vacated,

petitioner was granted twenty-one days in which to file evidence in support of his assertions

concerning lockdowns at High Desert State Prison (High Desert) and the effect of said

lockdowns on his access to the prison law library and legal materials, and respondent was granted

fourteen days thereafter in which to file and serve a reply brief in support of the motion to

dismiss.  The parties have now filed their respective briefs and evidence in support of their

respective positions.

Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ
> of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking such
> review;

> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;

> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. §

2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this

case is as follows:

1. On February 26, 2007, petitioner was sentenced by the Tehama County

Superior Court to twenty three years in state prison following his January 30, 2007 conviction on

1 | the charges listed above.

2 |       2.  On March 13, 2008, the California Court of Appeal for the Third Appellate

3 | District deleted a fine that had been imposed as part of petitioner's sentence and otherwise

4 | affirmed the judgment on appeal.

5 |       3.  On May 13, 2008, petitioner filed a petition for writ of habeas corpus in the

6 | Tehama County Superior Court.  That petition was denied by order filed May 16, 2008.

7 |       6.  On March 11, 2009[1], petitioner filed another petition for writ of habeas corpus

8 | in the Tehama County Superior Court.  That petition was denied by order filed April 3, 2009.

9 |       7.  On June 9, 2009, petitioner filed a petition for writ of habeas corpus in the

10 | California Court of Appeal for the Third Appellate District.  That petition was denied by order

11 | filed June 18, 2009.

12 |       8.  On July 2, 2009, petitioner filed a petition for writ of habeas corpus in the

13 | California Supreme Court.  That petition was denied on November 19, 2009.

14 |       9.  On March 27, 2010, petitioner filed another petition for writ of habeas corpus

15 | in the California Supreme Court.

16 |       10.  The federal habeas petition pending before this court was filed on July 12,

17 | 2010.

18 |       Petitioner's judgment of conviction became final on April 22, 2008, forty days

19 | after the California Court of Appeal affirmed petitioner's judgment of conviction on appeal.  See

20 | Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).  The one year limitations period for the filing

21 | of a federal habeas petition began to run the next day.  See Patterson v. Stewart, 251 F.3d 1243,

22 | 1246 (9th Cir. 2001).  The limitation period ran for twenty days until May 13, 2008, when

23 | petitioner filed his first state habeas petition in the Tehama County Superior Court.  It was tolled

24 |

25 |      [1]  Under the mailbox rule, where a state petition shows the date on which it was signed by
petitioner, the court deems that date the filing date of the petition.  See Houston v. Lack, 487

26 | U.S. 266 (1988).

1   for three days during the pendency of that petition.  Thereafter, petitioner did not file another

2   state habeas petition for three hundred days.  Petitioner is not entitled to statutory tolling for the

3   period between the filing of these two petitions.  See Evans v. Chavis, 546 U.S. 189, 198 (2006)

4   (unexplained delay of six months between rounds of habeas filings was too long to permit tolling

5   of the federal limitations period on the ground that state court proceedings were "pending"); .

6   Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (81 and 91 days of unexplained delay

7   between habeas filings found to be unreasonable); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir.

8   2010) (146-day unexplained delay between habeas filings found to be unreasonable); Chaffer v.

9   Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner not entitled to statutory tolling during

10  unexplained delays of 115 and 101 days between state court petitions).

11          The limitation period for petitioner's filing of a federal habeas petition was

12  arguably tolled again from March 11, 2009 through November 19, 2009, during the pendency of

13  his second state habeas petition filed in the Tehama County Superior Court through disposition

14  of the first petition for writ of habeas corpus filed in the California Supreme Court.  Even with

15  this period tolled, however, the statute of limitations for petitioner's filing of a federal habeas

16  petition expired approximately forty-five days later, on January 3, 2010.  This action was not

17  filed for more than six months after the limitation period for doing so had expired.[2]  Accordingly,

18  unless petitioner is entitled to equitable tolling this action is barred by the statute of limitations

19  and should be dismissed.

20          The statute of limitations codified at § 2244(d) "is subject to equitable tolling in

21  appropriate cases."  Holland v. Florida, ___ U.S. ___, ___ 130 S.Ct. 2549, 2560 (2010).  A

22  habeas corpus petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been

23  /////

24

25          [2]  The March 2010 habeas petition filed by petitioner with the California Supreme Court
    did not revive the expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.
26  2001).

4

1  pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

2  prevented timely filing." Id. at 2562.

3         Petitioner contends that the limitations period for the filing of a federal habeas

4  petition in his case should be equitably tolled due to "excessive lockdowns and being denied

5  access to the law library." Petitioner's Opposition to Respondents Motion to Dismiss (Doc. No.

6  24), filed May 16, 2011, at 1. Petitioner contends that the prison facility in which he is housed

7  has "been on lockdown status for over 1 year out of the last 2 years" and "on a modified program

8  when off lockdown and had no access to the law library, legal research, copies, typewriters or

9  material necessary to adequately respond and defend this writ." Id. at 2. The evidence tendered

10  by petitioner in support of this assertion consists of his own declaration and the declaration of

11  four other inmates. Each declaration attests generally to lockdowns at High Desert and to the

12  "modified program" at the prison since November 2010, with extremely limited access to the

13  prison law library. In response, respondent has presented evidence that petitioner accessed the

14  law library twenty-one times from January 2008 through January 2010. See Declaration of J.

15  Flaherty, filed July 29, 2011, at ¶ 8. Respondent's evidence shows that petitioner did not go to

16  the prison law library between September 10, 2009 and February 24, 2010. Petitioner did access

17  the prison law library four times between February 25, 2010 and July 10, 2010.

18         This record supports a finding that petitioner's access to the prison law library

19  may have been limited during relevant periods, particularly from May 16, 2008 through the end

20  of 2008, a period during which petitioner only accessed the law library once, and from November

21  20, 2009 through February 24, 2010, when petitioner did not access the law library at all. The

22  record does not, however, support a finding that this limited access constituted an "extraordinary

23  circumstance" that prevented petitioner from timely filing a federal habeas corpus petition.

24         The petition filed in this action is a handwritten petition that sets forth the same

25  three claims raised by petitioner in his petition for writ of habeas corpus filed in the California

26  Supreme Court on July 2, 2009 and denied by that court on November 19, 2009. See Lodged

Document No. 9, filed October 4, 2010.  Petitioner has not demonstrated that he made a request for law library access during this period that was unreasonably denied, nor has he demonstrated either that his access to the law library was required in order to file the instant federal habeas action within the forty-five days that remained in the limitation period after the California Supreme Court rejected his claims or that the absence of such access prevented him from timely filing this action.  Finally, petitioner has presented no evidence that would entitle him to equitable tolling of the statute of limitations for the more than six months that would be required to render timely his federal habeas petition filed with this court.

For the foregoing reasons, this court finds that petitioner is not entitled to equitable tolling of the statute of limitations and that this action should be dismissed as time-barred.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case.

1    Specifically, there is no showing that jurists of reason would find it debatable whether this action

2    is barred by the statute of limitations.  Accordingly, the district court should not issue a certificate

3    of appealability.

4                                    CONCLUSION

5           In accordance with the above, IT IS HEREBY RECOMMENDED that

6           1.  Respondent's September 21, 2010 motion to dismiss be granted;

7           2.  This action be dismissed as barred by the statute of limitations; and

8           3.  The district court decline to issue a certificate of appealability.

9           These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

11   days after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be filed and served within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   DATED: August 5, 2011.

18

19                                    _____

20                                    DALE A. DROZD
                                      UNITED STATES MAGISTRATE JUDGE
21

22

23

24   DAD:12
     cord1899.mtd2
25

26

                                    7